**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| COLONY INSURANCE COMPANY, | No. CV-07-1525-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| EVENTS PLUS, INC., an Arizona corporation; RED BULL NORTH AMERICA, INC., a California corporation; RED BULL GMBH, an Austrian corporation; BRIGITTE TARGOSZ, in her individual capacity and as representative of the Estate of Robert D. Targosz and as statutory beneficiary for the survivors of Robert D. Targosz, namely: SUE ANN CASSIDY and EUGENE TARGOSZ; DOES 1 through X; ABC PARTNERSHIPS I through X; AND BLACK CORPORATIONS I through X, | |
| Defendants. | |

Pending before the Court are the Motion for Summary Judgment of the Targosz Defendants ("Targosz Defendants") (Doc. # 16), Plaintiff Colony Insurance Company's ("Colony") Cross-Motion for Summary Judgment Against All Defendants (Doc. # 27), and Plaintiff Colony's Motion for Default Judgment (Doc. #25).

## I.      FACTUAL BACKGROUND

This case is a declaratory relief action in which Colony seeks a declaration that its commercial general liability policy issued to Events Plus, Inc. ("Events Plus" or "the insured") identified as policy number GL3368147, with a coverage period of April 25, 2006 to April 25, 2007 ("the Policy"), provides no coverage in connection with an accident involving Gilbert Police Officer Robert D. Targosz ("Officer Targosz") on April 29, 2006. (Complaint, Doc. #1, ¶ 9.)

This declaratory relief action arises from an underlying state court lawsuit, *Brigitte Targosz, et al. v. Red Bull North America, Inc., et al.*, Cause No. CV2006-018504, ("underlying suit" or "Red Bull Complaint"), in which the plaintiffs allege that, after becoming intoxicated, one Tyler Fahlman ("Mr. Fahlman"), caused a motor vehicle accident in which Officer Targosz was killed.  (TDSOF ¶¶ 6-8, Doc. # 17, Attach. 1; CSOF ¶¶ 1-3.) Specifically, the Red Bull Complaint alleges that, while attending an event called "Flugtag" at Tempe Town Lake on April 29, 2006, Mr. Fahlman, though under Arizona's legal drinking age of 21 at the time, was served numerous Red Bull/Vodka cocktails.  (Id.)  The suit alleges that Mr. Fahlman became severely intoxicated, proceeded to leave the event by car, drove his Ford Mustang through a red light at the intersection of Apache Boulevard and Price Road, and collided with a motorcycle driven by Officer Targosz.  (Id.)  On the following day, April 30, 2006, Officer Targosz died as a result of injuries sustained in that accident.  (Id.)

As a result of that accident, the Targosz family filed suit for wrongful death against Mr. Fahlman and a number of entities including those alleged to have organized, hosted and supervised the "Flugtag" event.  (Id.)  Those entities include Red Bull North America, Red Bull GMBH, Global Event Management, Professional Event Management, Alliance Beverage Distributing Company, and Events Plus, Inc. – Colony's insured.  (Id.)  Colony initiated this declaratory relief action to resolve certain coverage issues related to the Events Plus Policy that have been raised by the Red Bull Complaint.  Specifically, the parties dispute whether the Policy's liquor liability exclusion ("Exclusion") bars coverage of the claims raised in the Red Bull Complaint.  Colony and the Targosz Defendants have filed cross-

1    motions for summary judgment on this issue.[1]  Events Plus – Colony's insured – has failed

2    to serve or file any answer or responsive pleading in this action, and Colony has moved for

3    the entry of a default judgment against Events Plus.

4            **II.       CROSS-MOTIONS FOR SUMMARY JUDGMENT**

5                 **A.       STANDARD**

6        Summary judgment is appropriate when "the pleadings, depositions, answers to

7    interrogatories, and admissions on file, together with affidavits, if any, show that there is no

8    genuine issue as to any material fact and that the moving party is entitled to summary

9    judgment as a matter of law." Fed. R. Civ. P. 56(c).  Thus, summary judgment is mandated,

10   "...against a party who fails to make a showing sufficient to establish the existence of an

11   element essential to that party's case, and on which that party will bear the burden of proof

12   at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

13        Initially, the movant bears the burden of pointing out to the Court the basis for the

14   motion and the elements of the causes of action upon which the non-movant will be unable

15   to establish a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the non-

16   movant to establish the existence of material fact.  *Id.*  The non-movant "must do more than

17   simply show that there is some metaphysical doubt as to the material facts" by "com[ing]

18   forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec.*

19   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P.

20   56(e)).  A dispute about a fact is "genuine" if the evidence is such that a reasonable jury

21   could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

22   242, 248 (1986).  The non-movant's bare assertions, standing alone, are insufficient to create

23   a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48.  However,

24   in the summary judgment context, the Court construes all disputed facts in the light most

25

26

27          [1]Defendants Red Bull North America, Inc. and Red Bull GMBH have joined in the

28   Targosz Defendants' Motion for Summary Judgment (Doc. #36).

1    favorable to the non-moving party.  *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir.

2    2004).

3                          **B.       LIQUOR LIABILITY EXCLUSION**

4              The Court considers first whether Colony may rely upon the liquor liability exclusion

5    contained in the insurance contract.  Because this action was brought in federal district court

6    on the basis of diversity of citizenship, Arizona substantive law applies.  *See Vestar Dev. II,*

7    *LLC v. General Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir. 2001).  In the absence of

8    Arizona Supreme Court precedent, "federal courts exercising diversity jurisdiction may look

9    to other state court decisions, well-reasoned decisions from other jurisdictions, and any other

10   available authority to determine how the state court would resolve the issue."  *Santana v.*

11   *Zilog*, Inc., 95 F.3d 780, 783 (9th Cir. 1996)(quoting *Burns v. Int'l Ins. Co.*, 929 F.2d 1422,

12   1424 (9th Cir.).

13             The Policy at issue in this action is a standard commercial general liability policy

14   issued by Colony for Events Plus.  (TDSOF ¶ 1, CSOF ¶ 4.)  It covers the insured for sums

15   it is legally obligated to pay for bodily injury and property damage resulting from an

16   occurrence.  Coverage is subject to various exclusions.  One such exclusion is the Liquor

17   Liability Exclusion ("Exclusion") that excludes insurance coverage for:

18                     "Bodily injury" or "property damage" for which any insured may be held

19                     liable by reason of:

20                     (1) Causing or contributing to the intoxication of any person;

21                     (2) The furnishing of alcoholic beverages to a person under the legal

22                     drinking age or under the influence of alcohol; or

23                     (3)  Any statute, ordinance or regulation relating to the sale, gift, distribution

24                     or use of alcoholic beverages.

25   (TDSOF ¶ 4, CSOF ¶ 4.)  Under the Policy, the Exclusion applies only if the insured is in the

26   business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages.

27   (TDSOF ¶ 4.)  The Parties in this matter do not dispute that the insured is in the business of

28   distributing, selling, serving, and furnishing alcoholic beverages.  (TDSOF ¶ 5.)

1    The parties, however, dispute the applicability of the Exclusion to the claims raised
2    by the Targosz Defendants in the Red Bull Complaint.  Colony contends that the alleged
3    negligence falls squarely within the plain language of the Exclusion.  Colony maintains that
4    "all of the allegations in the Red Bull Complaint are fundamentally premised upon the
5    injuries inflicted by Mr. Fahlman after he became intoxicated" and that "there are no
6    allegations of any injuries separate from those caused by Mr. Fahlman in his drunken
7    collision with Officer Targosz." (Plaintiff's Reply in Support of Its Cross-Motion, p. 3, Doc.
8    # 38.)  Colony argues that, because Mr. Fahlman is alleged to have become intoxicated due
9    to the insured's actions and/or failures to act, there can be no coverage under the Policy.

10    Although the Targosz Defendants concede that some of their claims do, in fact,
11    trigger the Exclusion, they argue that other allegations of the insured's negligence, i.e., the
12    company's organizing and supervising of the event, are separate from the precluded claims
13    and are covered under the insured's Policy.  (Reply of the Targosz Defendants, p. 5-6, Doc.
14    # 34.)  Citing no authority to support the proposition, the Targosz Defendants argue that, to
15    the extent Events Plus "failed to check for intoxicated persons" and "failed to follow up and
16    take effective action concerning suspected irresponsible or criminal behavior," such acts of
17    negligence fall outside the limits of the Policy's liquor liability exclusion.  (Id., p. 3.)  The
18    Targosz Defendants argue that Colony must, therefore, honor its contractual duty to defend
19    and indemnify Events Plus with respect to those claims.

20    In cases involving disputes over the scope or applicability of a coverage exclusion,
21    the burden is on the insurer to demonstrate that the exclusion eliminates coverage.  "If an
22    insurer desires to limit its liability under a policy, it should employ language which clearly
23    and distinctly communicates to the insured the nature of the limitation." *Coconino County*
24    *v. Fund Adm'rs Ass'n*, 719 P.2d 693, 697 (Ariz. Ct. App. 1986)(citing *Sparks v. Republic*
25    *Nat'l Life Ins. Co.*, 647 P.2d 1127, 1133 (Ariz. 1982)).  Although exclusionary clauses are
26    to be narrowly construed against the insurer in Arizona, rules of construction are applied
27    where there is doubt or ambiguity, and plain language requires no construction.  *See Morari*
28    *v. Atlantic Mut. Fire Ins. Co.*, 468 P.2d 564, 566 (Ariz. 1970).  Here, neither side contests

1   the clarity or prominence of the Exclusion, and many courts have found similarly worded

2   exclusions to be unambiguous.  *See, e.g., Fraternal Order of Eagles v. Gen. Acc. Ins. Co.*,

3   792 P.2d 178, 181 (Wash. Ct. App. 1990).

4          Though the parties do not dispute the clarity or validity of the Exclusion, they do, as

5   described above, dispute the applicability of the Exclusion to the claims raised in the Red

6   Bull Complaint.  The Arizona appellate courts have never discussed the applicability or

7   scope of a liquor liability exclusion.  In determining the scope of a liquor liability exclusion,

8   however, most other courts have made the distinction between (a) allegations arising directly

9   out of or dependent upon the sale of alcohol, the service of alcoholic beverages, or the

10  causing of a person's intoxication, and (b) allegations based in more general theories of

11  negligence which could arise in contexts completely unrelated to alcohol.  *See, e.g., Capitol*

12  *Indem. v. Blazer*, 51 F. Supp 2d 1080 (D. Nev. 1999)(citing cases).

13         For example, in *Paradigm Ins. Co. v. Texas Richmond Corp.*, 942 S.W. 2d 645 (Tex.

14  Ct. App. 1997), an insurer instituted suit for declaratory judgment seeking a determination

15  of its duty to defend its insured who operated a nightclub that served alcoholic beverages to

16  its patrons.  The insured had been sued for negligence in a separate cause of action as the

17  result of a motor vehicle accident that occurred in its parking lot and involved an intoxicated

18  patron.  Similar to the allegations in the Red Bull Complaint, the claims for negligence in

19  the underlying suit included claims that the insured failed to monitor patrons for intoxication,

20  failed to deter or prevent intoxicated patrons from driving after leaving, and failed to

21  adequately train its employees.  Additionally, the suit included claims that the insured not

22  only failed to select, hire and supervise competent employees, but also failed to hire and

23  supervise a competent third party valet service.  The insured's commercial general insurance

24  policy contained a liquor liability exclusion identical to the one at issue in the case at bar.

25         After Paradigm instituted its separate suit for declaratory judgment, seeking a

26  determination of its duty to defend the underlying negligence claims, the parties filed cross

27  motions for summary judgment.  Paradigm – the insurer – alleged that, as a matter of law,

28  the policy's liquor liability exclusion excluded coverage for liquor related incidents such as

the one that formed the basis for the underlying negligence suit. Paradigm maintained it had no duty to defend the insured because the negligence claims, however pled, arose out of the provision of alcohol. *See id.* at 649. Conversely, the insured argued that the allegations of negligent hiring and supervision of the valet service and vicarious liability for the acts of the valet service were sufficiently independent of the alcohol based claims to potentially state claims for which there was coverage. *See id.*

Finding that each of the allegations in the underlying suit – including those involving the third party valet service – arose out of the insured's business of selling or serving alcohol, the court concluded that the claims fell within the policy exclusion and that the insurer had no duty to defend the insured. *See id.* at 651. Rejecting the insured's arguments that the negligent hiring and supervision claims should be distinguished from those claims involving the service of alcohol, the court stated:

> [T]he parties agree that it is not the cause of action alleged that is determinative "but the facts giving rise to the alleged actionable conduct." In determining the applicability of the exclusion, we must focus on the origin of the damages and not the legal theories asserted. An examination of Butler's position reveals that each and every allegation contained therein arises out of the business of selling or serving alcohol to or causing or contributing to the intoxication of Moraczewski.

*Id.* (citations omitted).

In its Cross-Motion and Reply, Colony cites several other cases in support of the proposition that allegations of secondary negligence such as negligent hiring and supervision or negligent organizing and monitoring are barred under a liquor liability exclusion when they are fundamentally premised upon injuries caused by the negligent furnishing of alcohol. In one such recent case, *Lankford v. Scottsdale Ins. Co*, the Delaware Supreme Court affirmed a decision by the trial court concluding that a liquor liability exclusion barred coverage of all claims resulting from a car accident caused by the insured's intoxicated employee. *See Lankford*, 947 A.2d 1121 (Del. 2008), *affm'g and ordering for publication Scottsdale Ins. Co. v. Lankford*, C.A. No. 07C-06-254 RRC, 2007 WL 4150202, (Del. Super. Ct. Nov. 21, 2007).

1    The underlying tort action in *Lankford* was premised upon primary allegations that

2    the insured caused or contributed to the intoxication of the individual who caused the

3    accident as well as multiple allegations of secondary negligence including, among other

4    things, (1) the negligent hiring, training, maintaining, supervision, retention, and control of

5    employees, (2) the failure to institute policies and procedures regarding the service of

6    alcohol, and (3) the  failure to provide alternative transportation.   Like the Targosz

7    Defendants here (Reply of the Targosz Defendants, p.3), the insured in *Lankford* argued that

8    the claims of negligent hiring and supervision and other like claims constituted a separate

9    occurrence from causing or contributing to the intoxication because they were alleged to have

10   occurred <u>after</u> the intoxication.  *See Lankford*, 2007 WL 4150212 at *3.

11   Though the insured conceded that its primary allegation was excluded by the liquor

12   liability exclusion, it argued that any allegations that the insured had failed to supervise or

13   control <u>after</u> the intoxication occurred were not subject to the exclusion.  The court, however,

14   specifically rejected that argument.  Concluding that the allegations of secondary negligence

15   were fundamentally premised on a claim  that was excluded by the terms of the policy – the

16   negligent furnishing of alcohol – and the facts giving rise to it, the Court found that the liquor

17   liability exclusion barred coverage for the negligent furnishing of alcohol and all other

18   related claims.  *See* 2007 WL 4150212 at *8.

19   Numerous courts have construed and applied liquor liability exclusions to claims such

20   as those asserted by the Targosz Defendants in the Red Bull Complaint.  Indeed, the vast

21   majority of cases discussing the scope or applicability of a liquor liability exclusion have

22   held that, where other negligence claims are so inextricably intertwined with the negligent

23   provision of alcohol, coverage of those claims is precluded under a liquor liability exclusion.

24   *See, e.g.,  Prop. Owners Ins. Co. V. Ted's Tavern, Inc.*, 853 N.E. 2d 973 (Ind. Ct. App. 2006)

25   (finding that allegations of negligently hiring, training, and supervising were general

26   "rephrasings of the "core negligence" claim of causing or contributing to the drunk driving

27   and were therefore also excluded from coverage); *Boudreaux v. Siarc, Inc.*, 714 So. 2d 49

28   (La. Ct. App 1998)(holding that allegations of negligent training and supervision were not

independent of the negligent furnishing of alcohol to a minor); *Cusenbary v. U.S. Fid. and Guar. Co.*, 37 P.3d 67, 70 (Mont. 2001)(concluding that insured's negligent operation and mismanagement of tavern directly related to the negligent service or sale of alcohol and was excluded from coverage); *Kovesdy v. Utica Fire Ins. Co.*, 695 N.E.2d 1165 (Ohio Ct. App. 1997)(rejecting argument that the insured's liability for failing to check identification, permitting intoxicated individuals to leave the premises, and failing to notify the police was separate from the negligent provision of alcohol and holding that liquor liability exclusion precluded those claims); *Cf. Prince v. Buckeye Union Ins. Co.*, No. 92-CA-6, 1992 WL 362578 (Ohio Ct. App. Dec.2, 1992)(unpublished)(holding that claim that arose from return of confiscated keys to intoxicated patron was analogous to negligent entrustment claim, could have occurred without sale or service of alcohol, and therefore did not fall within liquor liability exclusion).

*Capitol Indemnity v. Blazer* illustrates well the distinction between allegations arising directly out of or dependent upon alcohol and allegations based on more general theories of negligence which could arise in contexts unrelated to alcohol. 51 F. Supp 2d 1080 (D. Nev. 1999). Like several of the aforementioned cases, *Capitol Indemnity* also involved a declaratory judgment action wherein the insurer sought a determination that it had no duty to defend or indemnify the insured against suit pursuant to the terms of the insurance policy's exclusion provisions. 51 F. Supp 2d at 1082. The insured in that case had been sued under theories of both negligence and intentional tort after two of its intoxicated patrons assaulted another patron and left him with serious bodily injuries.

In determining that some of the claims in the underlying suit were covered by the policy's liquor liability exclusion and others were not,[2] the court drew a distinction between claims that could only be brought upon an establishment serving or selling alcohol and claims that could be brought against any establishment on general negligence grounds: "The

---

[2]The court in *Capitol Indemnity* separately concluded that all of the claims in the underlying action were barred under the policy's assault and battery exclusion. *See id.* at 1088.

important factor which reconciles the different results is the nexus between the allegations and the consumption of alcohol." *Id.* at 1089. Concluding that the liquor liability exclusion did not bar coverage for those portions of the claims alleging "simple negligence" such as failure to warn, failure to intercede, and failure to promptly request police assistance when it became likely an assault and battery would occur, the court stated:

> The viability of these allegations does not depend upon Blazer's selling or service of alcohol, nor do these claims necessarily arise out of the causing or contributing to any person's intoxication. Like the situation in J.A.J., it is not unreasonable to imagine these claims arising in any number of non-alcohol related contexts where the insured becomes aware of developing antagonism between two patrons.

*Id.* at 1090.

In applying these principles to the present case, this Court concludes that the allegations in the Red Bull Complaint are more akin to those in *Paradigm* and *Lankford* where the allegations of secondary negligence were not sufficiently distinct or independent from the negligent provision of alcohol but were, in fact, inextricably intertwined with those claims. As Colony points out in its Cross-Motion for Summary Judgment, the Targosz Defendants allege the following in their underlying state court complaint:

> Defendants created this dangerous alcohol-driven environment despite the devastating and deadly role of alcohol in a high percentage of traffic accidents which was reasonably foreseeable to Defendants* * * Defendants' acts constitute willful and wanton conduct in that Defendants knew that they were creating, and had created, an extremely dangerous Red Bull "Flugtag" event * * * in which there was utter lack of alcohol control or supervision; in which there were multiple violations of liquor control statutes and; in which Defendants totally disregarded and deviated from sound liquor control industry standards for events of this type.

(CSOF ¶ 5, TDSOF Exhibit 1.)

This Court agrees that the allegations raised against the insured in the Red Bull Complaint are premised upon the particular type of risk that was specifically excluded from the Events Plus Policy. The Red Bull Complaint does not contain a single allegation of tortious conduct that is divorced from the serving of alcohol, and the Complaint does not assert any claim for damages independent of the injuries caused by Mr. Fahlman in his

intoxicated state.   Indeed, unlike *Paradigm* and *Ted's Tavern*, the underlying state suit here does not even involve separate claims for negligent hiring or vicarious liability for third party negligence but instead simply packages multiple theories of negligent conduct under one general claim for negligence.  This Court finds, however, that regardless of the manner in which these theories of negligence have been pled, they are not sufficiently separate and distinct from the provision of alcohol so as to avoid application of the Policy's liquor liability exclusion.

To conclude otherwise would only allow the parties to render such exclusions essentially meaningless through artful pleadings and would allow them to circumvent the terms and intent of the policy and its exclusions.  As the court stated in Ted's Tavern:

> The events outlined in Counts II and IV simply are not wholly independent of "carelessly and negligently" serving and continuing to serve alcoholic beverages to Wickliff when the defendants knew or should have known he was intoxicated and soon thereafter could be driving drunk.  To the contrary, the nuisance and negligent hiring, retaining and supervision are so inextricably intertwined with the underlying negligence that there is no independent act that would avoid [the Liquor Liability] exclusion. . . [W]hile a valiant effort to procure coverage, the creative pleading of Counts II and IV cannot hide the reality that the immediate and efficient cause of the injuries was drunk driving precipitated by the negligent service of alcohol.

*Ted's Tavern*, 853 N.E.2d at 983.

This Court is confident that Arizona would adopt the same analysis as that articulated in the vast majority of cases that have considered this issue.  In applying those principles to this case, this Court finds that the allegations raised by the Targosz Defendants in their Red Bull Complaint are not sufficiently independent of or distinct from allegations that the insured either negligently furnished alcohol or caused or contributed to the intoxication of Mr. Fahlman.  Indeed, no other claim in the underlying suit can be supported without evidence of Mr. Fahlman's intoxication.  Because of the direct nexus between these allegations and the furnishing of alcohol, the Court concludes that the claims alleged in the Red Bull Complaint fall within the scope of the Policy's liquor liability exclusion as a matter

1   of law.  Accordingly, Colony's Cross-Motion for Summary Judgment will be granted, and

2   this portion of the Targosz Defendants' Motion for Summary Judgment will be denied.

3                    **B.      INDISPENSABLE PARTIES AND RIPENESS**

4           Again citing no authority in support of their position, the Targosz Defendants also

5   argue in their Motion for Summary Judgment that "Colony had no reason to sue the Targosz

6   Defendants at this time." (Motion, p. 6).  Specifically, they maintain that "Colony's coverage

7   argument is solely with Events Plus" and contend that this declaratory relief action is

8   premature as to the them as they may never even obtain a judgment or settlement against

9   Events Plus.  (Id., p. 6-7.)  Conversely, Colony argues that the Targosz Defendants are

10  indispensable parties to this action and that the Declaratory Action is ripe for consideration.

11  (Cross-Motion, p. 7-8.)

12          Under Fed. R. Civ. P. 19(a), a person who is subject to service of process and whose

13  joinder will not deprive the court of subject-matter jurisdiction *must* be joined as a party if

14  (1) in the person's absence the court cannot accord complete relief among the existing

15  parties, or (2) the person claims an interest relating to the subject of the action and is so

16  situated that the disposition of the action in the person's absence may, as a practical matter,

17  impair or impede the person's ability to protect that interest or leave any of the existing

18  parties subject to a risk of incurring multiple or inconsistent obligations because of the

19  interest.

20          It is well-settled that individuals in the position of the Targosz Defendants are

21  generally considered necessary parties in a declaratory judgment action brought to determine

22  insurance coverage for the claim.  *See, e.g., Greenberg v. Fireman's Fund Ins. Co.*, No. CV-

23  07-1554-PHX-DGC, 2007 WL 4105990, (D. Ariz. Nov. 16, 2007) (citing *U. S. Fire Ins. Co.

24  v. Milton Co.*, 938 F. Supp. 56, 57 (D.D.C. 1996); *Fed. Kemper Ins. Co. v. Rauscher*, 807

25  F.2d 345, 354 n. 5 (3rd Cir. 1986)("[I]n a declaratory judgment proceeding involving an

26  [insurance] policy, an injured person is a 'necessary and proper' party.")(citation omitted);

27  *U.S. Fid. and Guar. Co. v. Ditoro*, 206 F. Supp. 528, 532-33 (M.D. Pa. 1962) (the injured

28  party is "a necessary and proper party because the injured party has a material interest in the

                                                - 12 -

1    outcome of the suit"); *Georgia-Pacific Corp. v. Sentry Select Ins. Co.*, No. 05-CV-826-DRH,

2    2006 U.S. Dist. LEXIS 33975, at *26, 2006 WL 1525678, at *8 (S.D. Ill. May 26, 2006)

3    ("[W]hen dealing with an issue of insurance coverage, the underlying claimants are necessary

4    parties, whether the declaratory judgment action is filed by the insured or the insurer.")).

5         A decision in this case that coverage is precluded under the Policy's liquor liability

6    exclusion could affect the Targosz Defendants' ability to recover damages should they

7    prevail in their underlying suit.  Because they have an interest relating to the subject of this

8    suit and their absence may, as a practical matter, impair their ability to protect that interest,

9    this Court finds that the Targosz Defendants are a necessary party to this action under Fed.

10   R. Civ. P. 19(a).

11        To the extent the Targosz Defendants maintain that this action is premature as against

12   them as they have not yet obtained an agreed settlement or a final judgment against the

13   insured, this Court also disagrees.  The Supreme Court and the Ninth Circuit have frequently

14   held that a declaratory judgment action brought by an insurer solely for the purpose of

15   determining issues of coverage or its duty to defend and indemnify is sufficiently ripe for

16   judicial review – even when the underlying liability of its insured has not been adjudicated.

17   *See Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273-274, 61 S. Ct. 510, 85 L. Ed.

18   826 (1941); *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994); *Aetna Cas. &*

19   *Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992).

20        Because the Targosz Defendants are an indispensable party under Fed. R. Civ. P. 19

21   and this action is ripe for consideration, this portion of the Targosz Defendants' Motion for

22   Summary Judgment is denied.

23        **IV.    DEFAULT JUDGMENT**

24        Pursuant to Fed. R. Civ. P. 55(b)(2), Colony has also moved for default judgment

25   against Defendant Events Plus (Doc. #25).  Having reviewed the pleadings of record and the

26   Affidavit submitted by Colony's counsel, and being fully advised, this Court finds that

27   Defendant Events Plus was properly served with process and failed to plead or otherwise

28   defend Colony's Complaint for Declaratory Relief (Doc. #1) within the time period

1  prescribed by law, that the default of Events Plus was duly entered by the Clerk of this Court

2  on February 20, 2008 (Doc. #19), that Events Plus is neither an infant or incompetent, and

3  that Colony Insurance is entitled to affirmative relief against Events Plus as specified herein.

4       Based on the foregoing findings, and for good cause appearing therefore,

5       **IT IS ORDERED** granting Plaintiff Colony Insurance Company's Cross-Motion for

6  Summary Judgment Against All Defendants (Doc. #27).  Accordingly, Colony has no

7  obligation to defend and/or indemnify Events Plus against any and all claims or conduct

8  alleged in Brigitte Targosz, et al. v. Red Bull North America, Inc., et al., Maricopa County

9  Superior Court Case No. CV2006-018504.

10       **IT IS FURTHER ORDERED** denying the Motion for Summary Judgment of the

11  Targosz Defendants (Doc. # 16).

12       **IT IS FURTHER ORDERED** denying Colony's request for attorneys' fees without

13  prejudice at this time and with leave to file a motion for attorneys' fees and non-taxable

14  expenses pursuant to L. R. Civ. 54.2.

15       **IT IS FURTHER ORDERED** awarding default judgment against Events Plus (Doc.

16  #25) and in favor of Colony.  Accordingly, Colony has no obligation to defend and/or

17  indemnify Events Plus against any and all claims or conduct alleged in Brigitte Targosz, et

18  al. v. Red Bull North America, Inc., et al., Maricopa County Superior Court Case No.

19  CV2006-018504.

20       **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment

21  accordingly.

22       DATED this 30th day of September, 2008.

23

24

25  _____
    James A. Teilborg
26  United States District Judge

27

28